[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Crabtree Realty Co. ("Crabtree") is the owner of certain real property located at 777 Post Road East in the Town of Westport. The property consists of a building and a parking lot utilized for a car dealership which is a non-conforming use in a general business district. Crabtree is also the lessee of certain real property located at 785 Post Road East in the Town of Westport which is adjacent to the property owned by Crabtree and is also zoned in a general business district.
Crabtree sought site plan approvals to utilize the leased property for the purpose of providing employee and customer parking thereby allowing additional space for unloading of vehicles on its own property. The proposed utilization of the leased property would not involve the storage of either used or new motor vehicles. In order to utilize the leased property, it is necessary for Crabtree to install a driveway over a small piece of land between the owned and leased properties which will, due to the configuration of the property, be in a residential zone. However, the utilization of the access way will not involve parking of vehicles or structures on the access way.
The applications for site plan approval (to extend the on site parking area and a driveway) were denied by the Westport Planning and Zoning Commission for the following reasons:
 1. The proposed plan is not in conformance with the 1987 Town Plan of Development, which states that "There should be no commercial encroachment into residential zones. . . . The character of residential areas should be maintained and commercial development should be limited to those areas zoned for such development." (P. 36)
CT Page 11856
 4. The creation of an access lane from 777 Post Road East to 785 Post Road Lane that crosses a residential zone is not permitted since it represents a commercial use in a residential zone. (§ 3; § 11-2)
 6. The use of the proposed parking lot represents an expansion of a non-conforming use. (§ 6-1.2)
 8. The aerial photograph of 1975 and 1991 does not show a driveway or a developed lot.
The parties agree that the Commission's actions can be sustained if the court finds that any one of the stated reasons is sufficient to support the decision. Goldberg v. Zoning Commission, 173 Conn. 23, 26 (1997);Primerica v. Planning Zoning Commission, 211 Conn. 85, 97 (1989)
The proposal by the plaintiff admittedly utilizes property located in a residence zone utilized for access between two parcels of property located in a GBD zone. While the plaintiff asserts that no structures will be placed on the land and it will be only used for access and therefore it will not affect the character of the residential area, it is the Commission's right to determine whether the possession of the residence property is in conformity with the Town's plan of development which provides "there shall be no encroachment into residential zones. . . . The character of the residential areas should be maintained and commercial development should be limited to those areas zoned for such development." Westport Town Plan of Development, p. 36.)
While off street parking is a permissible use of the leased property, the Commission was in its rights to determine that the proposal advanced by the plaintiff constituted an impermissible expansion of a non-conforming use. E. Anderson, American Law of Zoning, (4th Ed. 1995 § 6.51). It is not a case involving the intensity of a non-conforming use performed on the non-conforming property. See Zachs v. Zoning Boardof Appeals of the Town of Avon, 218 Conn. 324 (1991). A car dealership is maintained on the owned property solely because of its status as a non-conforming use. Here the plaintiff seeks to utilize the leased property, which is not entitled to non-conforming status, to enhance of the operation of the owned property. The Commission was within its rights CT Page 11857 to determine this constitutes an impermissible expansion of a non-conforming use.
Accordingly, the appeal of Crabtree is hereby dismissed.
The case involving Crabtree Realty Co. and the Town of Westport Zoning Board of Appeals involves orders to discontinue the claimed zoning violations of those hereinbefore discussed. The parties are in agreement that should the plaintiff's appeal be dismissed with respect to docket number CV94 031 12 50 that would likewise result in a dismissal of the appeal involving the Westport Zoning Board of Appeals.
Accordingly, that appeal is also dismissed.
 ___________________ RUSH, J.
CT Page 11858